PEOPLE ex rel. WESTERN ELECTRIC CO. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. June 17, 1904.)

1. TAXATION—ASSESSMENT—REVIEW.

Where, in proceedings to review an assessment of relator's real estate located in New York City, assessed at $350,000, the referee found that on the date of the assessment the actual value of the property was $325,000, and that similar property in the city was assessed for that year at an average of not to exceed 70 per cent. of its value, an order reducing the assessed valuation of relator's property to $227,500 was proper.

Appeal from Special Term, New York County.

Certiorari by the people, on relation of the Western Electric Company, against Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York. From an order reducing the assessed value of relator's property for taxation, defendants appeal. Affirmed.

Argued before O'BRIEN, HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

David Rumsey, for appellants.
Henry De Forest Baldwin, for respondent.

INGRAHAM, J. The legal questions presented in this case are the same as those presented in the case of People ex rel. Lispenard Stewart et al. v. Thomas L. Feitner et al., decided herewith( 88 N. Y. Supp. 774). The property of the relator, 125 to 131 Greenwich street, in the city of New York, was assessed for the year 1899 at $350,000. The referee found that on the second Monday of January, 1899, the actual value of this property was $325,000, and that real estate in the city of New York was assessed for the year 1899 at an average of not to exceed 70 per cent. of the sum for which such real estate under ordinary circumstances would then sell; and the referee reported as a conclusion of law that the assessed value of the property for the purpose of taxation for the year 1899 should be reduced from $350,000, at which it had been assessed by the defendants, to the sum of $227,500, which was 70 per cent. of the actual value of the property at the time the assessment was made. A consideration of the testimony, I think, tends to show that this property was worth in the year 1899 much less than the sum of $325,000 fixed by the referee as the value of the property; that there was evidence to sustain a finding that the average ratio of the assessed value of the real estate in the city of New York to its market value was not over 70 per cent.; and, applying the rules that we think should be adopted in these cases, the court below was quite justified in accepting the conclusions of the referee, and basing thereon its final order reducing the assessed value of the property; and it follows that the order appealed from should be affirmed, with costs and disbursements. All concur.