(53 Misc. Rep. 334.)

PEOPLE ex rel. STEWART et al. v. FEITNER et al. (two cases).   PEOPLE ex rel. BISHOP v. FEITNER et al. (two cases).   PEOPLE ex rel. PULITZER v. FEITNER et al. (three cases).   PEOPLE ex rel. WANAMAKER v. FEITNER et al. (three cases).   PEOPLE ex rel. LORILLARD et al. v. FEITNER et al. (two cases).   PEOPLE ex rel. GALLAWAY v. FEITNER et al. (two cases).   PEOPLE ex rel. BISHOP et al. v. FEITNER et al.   PEOPLE ex rel. RHINELANDER et al. v. FEITNER (six cases).

(Supreme Court, Special Term, New York County.   March, 1907.)

REFERENCE—TAXATION—CERTIORARI. TO REVIEW ASSESSMENTS.

> Where 21 certiorari proceedings are brought by eight distinct sets of relators to review assessments of various parcels of improved real estate in the city of New York for two or more years, on the ground that the relators' property is assessed higher in proportion to its value than other property, and the testimony of experts is necessary, and it would be difficult to bring them together for the purposes of trial in court, the court, in the exercise of the discretion conferred upon it by Laws 1896, p. 883, c. 908, § 253, may send the proceedings to various referees under orders containing provisions for expediting the proceedings.

Certiorari by the people, on the relation of Lispenard Stewart and others, against Thomas L. Feitner and others (two cases); by the people, on the relation of David W. Bishop, against the same defendants; by the people, on the relation of Joseph Pulitzer, against the same defendants (three cases); by the people, on the relation of John Wanamaker, against the same defendants (three cases); by the people, on the relation of Peter Lorillard and others, against the same defendants; by the people, on the relation of R. N. Gallaway, against the same defendants (two cases); by the people, on the relation of Florence B. C. Bishop and others, executors, against the same defendants; by the people, on the relation of Ernest E. Lorillard and others, trustees, against the same defendants; by the people, on the relation of William Rhinelander, executor, and others, against the same defendants (six cases); and by the people, on the relation of David W. Bishop, Jr., against the same defendants. Motion to refer above-entitled proceedings to referee to take testimony and report. Motion granted.

See 101 N. Y. Supp. 1021; 88 N. Y. Supp. 774.

Bowers & Sands, for relators.
William B. Ellison, Corp. Counsel, for respondents.

BLANCHARD, J. This is a motion to refer the proceedings above entitled to referees to take testimony and to report, with opinion. These proceedings are brought by writ of certiorari to review assessments for taxation, during the years 1899, 1900, and 1901, against various large parcels of improved real estate in New York City. The proceedings are 21 in number, and are brought by eight separate and distinct sets of relators, and in the instance of every parcel a review of the assessment for two or more of the years above mentioned is asked. Since the parcels upon which a review of assessment is asked are very valuable, including such buildings as the Pulitzer Building, the Wanamaker Building, the Cammeyer Building, and similar valuable structures, it is clear that the testimony of the very best experts, men whose time is so occupied that it might well be impossible to assemble them and keep them together for the purpose of trial in court, will be offered in evidence, and that the interests of justice require that ample opportunity to cross-examine these witnesses and to introduce rebutting testimony should be afforded.

As the affidavit of the assistant corporation counsel shows, the experience of the past proves that these ends may best be accomplished in hearings before a referee, rather than by trial in court, and in only a very few instances, and those involving real estate of less importance than that in the present case, and requiring merely about one day to try, has the court in recent years tried proceedings for the review of assessments of real property. Since the issue, in all the present cases, is that the relator's property is assessed higher in proportion to its value than other property in the tax rolls, it is clear that proof of value of large numbers of parcels will be offered. Thus, in People ex rel. Stewart v. Feitner, 95 App. Div. 481, 88 N. Y. Supp. 774, the relator offered proof of the value of about 577 parcels, and the

defendants of about 123. In People ex rel. Western Electric v. Feitner, 96 App. Div. 615, 88 N. Y. Supp. 779, the relator offered proof of about 145 parcels, and the defendants of about 50. In the Mutual Reserve Case, N. Y. Law J., Dec. 19, 1905, the relator offered proof of about 60 parcels, and the defendants of about 266.

Since the value of the property involved in the present proceedings shows every promise that the proof will be as thorough as in the proceedings above mentioned, the advantages of taking testimony before a referee, rather than in court, are apparent. Accordingly the court is disposed to exercise the discretion conferred upon it in such proceedings by section 253 of the tax law (Laws 1896, p. 883, c. 908), and to refer these proceedings to various referees. The court will make orders containing such reasonable provisions for expediting these proceedings as the parties may agree upon, following the lines suggested in the affidavit of the assistant corporation counsel.

Ordered accordingly.